

**ORDERED in the Southern District of Florida on October 2, 2017.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

**D.I.T., INC.,**

     Debtor.

_____/

**MICHAEL R. BAKST, not individually**
**but as Chapter 7 Trustee,**

     Plaintiff,

v.

**BANK LEUMI, USA,**

     Defendant.

_____/

**Case No. 14-23126-EPK**
**Chapter 7**

**Adv. Proc. No. 16-01214-EPK**

<u>**ORDER DENYING MOTION TO STRIKE JURY DEMAND**</u>

     Bank Leumi, USA, the defendant in the above-captioned adversary proceeding, asks the Court to strike the jury trial demand presented by the plaintiff, Michael R. Bakst, as chapter 7 trustee.  ECF Nos. 64, 87, 137 and 160.  For the reasons stated below, the Court will deny that request.

The defendant raises three arguments in support of its motion to strike the plaintiff's jury trial demand:  (1) the trustee is bound by a contractual waiver of jury trial rights entered into by the debtor prior to the filing of its bankruptcy petition; (2) a trustee in bankruptcy is never entitled to a jury trial in connection with a fraudulent transfer or other avoidance action under the Bankruptcy Code; and (3) the present adversary proceeding is "integral to the claims resolution process," thus equitable in nature, and so there is no right to jury trial. Precedent does not support any of these arguments.

Even if the debtor in this case was a party to a binding agreement waiving its right to a jury trial in litigation with the defendant, the trustee is not bound by that waiver with regard to the fraudulent transfer claims presented here.  There is an important distinction between claims that were owned by the debtor prior to the bankruptcy and that became property of the estate under section[1] 541 and claims that may only be brought by the estate under the avoidance provisions of the Bankruptcy Code, such as the fraudulent transfer claims presented here under section 548.  The estate obtains existing claims owned by the debtor under section 541 subject to all of the defenses that would otherwise have been available against the debtor. *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1150 (11th Cir. 2006).  But claims of the estate under the avoidance provisions of the Bankruptcy Code are not so limited.  *Id.* at 1151-52.  This distinction becomes important in several common contexts arising in bankruptcy cases.  For example, the equitable defense of *in pari delicto* is available against any claim presented by the estate as a result of the estate obtaining rights of the debtor under section 541.  But the *in pari delicto* defense may not be raised in response to an action brought by the estate representative under the provisions of the Bankruptcy Code itself, including fraudulent transfer and preference

---

[1] Unless otherwise indicated, the term "section" or "sections" refers to the given section or sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

actions.  *Id*.  Similarly, and perhaps more pertinent here, a debtor's pre-bankruptcy agreement to arbitrate disputes with a particular creditor is binding on the estate with regard to claims held by the debtor that are later pursued by the estate representative, as such claims become part of the estate under section 541.  But the estate is not bound by a debtor's pre-bankruptcy arbitration agreement when the estate seeks relief under the Bankruptcy Code itself.  *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1155 (3d Cir. 1989); *Cohen v. Ernst & Young, LLP (In re Friedman's, Inc.)*, 372 B.R. 530, 538-39 (Bankr. S.D. Ga. 2007); *Feltman v. LLRG, LP (In re Certified HR Servs. Co.)*, 2007 Bankr. LEXIS 3851, **7-9, 2007 WL 3342752 (Bankr. S.D. Fla. 2007).  Likewise, in this case, assuming there is a binding agreement under which the debtor waived its right to a jury trial in connection with litigation with the defendant, that agreement is binding on the estate only with regard to those claims owned by the estate that were previously held by the debtor.  The estate's claims derived from the Bankruptcy Code itself, such as the fraudulent transfer claims here, are not covered by the debtor's pre-petition waiver of a right to jury trial.

The defendant suggests that the Supreme Court's decision in *Langenkamp v. Culp*, 498 U.S. 42 (1990), supports the defendant's argument that the debtor effectively waived all rights to jury trial on behalf of its estate simply by filing the petition.  *Langenkamp* and other Supreme Court precedent do not lead to this conclusion.  In *Langenkamp*, the Supreme Court ruled that, when a creditor who was subject to a preference action filed a proof of claim, the preference action became part of the claims allowance process, an action in equity, and the creditor had no right to a jury trial in the preference action.  *Langenkamp*, 498 U.S. at 44-45. The Supreme Court's analysis in *Langenkamp* relies on two premises.  First, the allowance and disallowance of claims in bankruptcy is a proceeding in equity for which there is no jury trial right.  *Id.* at 44 (citing *Katchen v. Landy*, 382 U.S. 323, 336-37 (1966); *Granfinanciera*

*v. Nordberg*, 492 U.S. 33, 58-59 (1989)).  Second, when a party presenting a claim in bankruptcy is also a defendant in an avoidance action, because of a statutory provision disallowing the defendant's claim until the bankruptcy estate is made whole by the defendant on avoidable transfers,[2] the determination of the avoidance claim becomes part of the equitable claims allowance process.  *Id.* at 44-45.  In *Katchen v. Landy*, 382 U.S. 323 (1966), a case very similar to *Langenkamp*, the Supreme Court specifically stated that if a creditor does not file a proof of claim, then a preference action against the creditor is not part of the claims allowance process and the creditor retains its right to a jury trial on the preference action.  *Katchen*, 382 U.S. at 336.  The Supreme Court recently reinforced this analysis by citing these decisions for the same propositions.  *Stern v. Marshall*, 564 U.S. 462, 495-97 (2011).[3]

The defendant has not filed a proof of claim in this case.  This is not surprising as the defendant apparently does not have a claim against the estate.  The defendant's statement that it consents, generally, to the equitable jurisdiction of this Court is not a substitute for the filing of a proof of claim.  Because the defendant has not filed a proof of claim, the trustee's fraudulent transfer action has not become part of the claims allowance process under the *Langenkamp* analysis.[4]

---

[2] Under section 502(d) of the Bankruptcy Code, the statutory provision at issue in *Langenkamp* and the successor to the provision at issue in *Katchen*, if a creditor presenting a claim in bankruptcy was the recipient of an avoidable transfer and has not satisfied the estate, then that creditor's claim against the estate is disallowed.

[3] The only estate claims implicating the equity bankruptcy jurisdiction under the theory of *Langenkamp* are avoidance claims of the types listed in section 502(d).  The filing of a proof of claim by a defendant to an action by the estate <u>not</u> under the avoidance provisions of the Bankruptcy Code, by itself, does not bring that non-avoidance action within the claims allowance process.  *Stern*, 564 U.S. at 495-99.  It is possible that some non-avoidance estate claims against a creditor will be necessarily determined in the course of ruling on the creditor's claim, and such claim would then be part of the adjustment of the debtor-creditor relationship, a proceeding in equity and not subject to trial by jury.  *See id.*  In this case, the defendant has not presented a claim that could trigger such an analysis.

[4] It is unclear why the trustee's complaint here includes a request for relief under section 502(d) in spite of the fact that there is no claim of the defendant to disallow.  The Court can only conclude that the trustee included a request under section 502(d) in case the defendant believed it had some other claim against the estate and attempted to present that claim.  The inclusion of this surplus request for relief in the present complaint has no impact on the Court's analysis here.

When an avoidance claim becomes part of the claims allowance process as a result of the defendant filing a proof of claim in the bankruptcy case, neither the creditor nor the bankruptcy estate has a right to trial by jury.  *Langenkamp*, 498 U.S. at 44-45*; Katchen*, 382 U.S. at 336-37.  In its motion, the defendant acknowledges that the defendant retains a right to a jury trial on the fraudulent transfer action, and suggests that it is not unusual for one party to an action to have a jury trial right and not the other.  Yet, unless provided by statute or as a result of waiver, this is not so.  The determination of whether there is a right to a jury trial focuses on the nature of the claim before the court.  *Granfinanciera*, 492 U.S. at 42.  The question is whether the claim is of a type for which a right to jury trial attaches.  If there is a right to a jury trial on a particular claim, then any party may exercise that right.  That the defendant concedes it has a right to a jury trial on the present fraudulent transfer claims supports the conclusion that the trustee does as well.

The trustee's fraudulent transfer action is an independent action at law.  *Id.* at 43, 55-56.  The defendant suggests that the Supreme Court's statement in *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989), that fraudulent transfer and preference actions are actions at law rather than in equity, was merely *dicta* and is not binding on this Court.  Yet it is obvious that this ruling is a necessary component of the Supreme Court's holding with regard to the preference action then before the Supreme Court.  The Supreme Court has repeatedly equated preference and fraudulent transfer claims in this context, and did so in *Granfinanciera.  Id.*  The defendant may be correct that fraudulent transfer claims in late 18th century England were brought as both actions in equity and at law.  Certainly there was support for this position on the Supreme Court at the time of *Granfinanciera.  Id.* at 84-87 (White, J., dissenting).  But, in this Court's view, the Supreme Court has conclusively answered the question—fraudulent transfer claims seeking monetary recovery are actions at

law that are subject to jury trial on the timely request of a party.[5]  Attempting to distance itself from *Granfinanciera*, the defendant plucks language from the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), arguing that the question of whether a fraudulent transfer claim seeking monetary recovery is an action at law or in equity is a question yet to be answered.  Nothing in *Stern* would lead this Court to conclude that the Supreme Court has abandoned its analysis in *Granfinanciera*; in fact, the Supreme Court relied on this component of *Granfinanciera* in its ruling in *Stern*.

The defendant points out that if the trustee is successful in this action <u>and</u> the defendant satisfies the estate for the alleged fraudulent transfers, then the defendant will have a claim against the estate under section 502(h).  The defendant argues that such a potential future claim might impact the universe of claims in this case.  The defendant argues that this is enough to cause the present fraudulent transfer actions to be considered part of the claims allowance process.  From this quivering house of cards, the defendant concludes that the trustee's filing of fraudulent transfer actions automatically implicated the Court's equitable powers.  If this was the case, the Supreme Court's analysis in *Katchen* and *Langenkamp*, reaffirmed in *Stern*, would be unnecessary.  That is, the Supreme Court would not have needed to consider whether a creditor's filing of a proof of claim resulted in the avoidance action falling under the bankruptcy court's equitable powers because, according to

---

[5] Although many fraudulent transfer actions seek a monetary judgment, consistent with long-standing precedent section 550 also permits the Court to order the return of the item transferred or the voiding of an instrument such as a deed or mortgage.  The Court notes that in *Granfinanciera* and *Stern* the Supreme Court did not rule that fraudulent transfer actions seeking equitable relief are actions at law.  In those cases, the Supreme Court was considering the estates' requests for money judgments, which commonly indicate an action at law.  However, where the estate seeks return of the actual item transferred or the voiding of an instrument such as a deed or mortgage, such actions are brought in equity and a jury trial right does not attach.  *Magers v. Bonds (In re Bonds Distrib. Co.)*, 2000 Bankr. LEXIS 2011, *12 (citing § 38.31[4][a] of Moore's Federal Practice); *Collier on Bankruptcy* ¶ 550.02 n.1 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017) ("Restitution is equitable instead of legal when the goal of the action is to restore to a plaintiff funds or property in the possession of a defendant, rather than to impose personal liability on a particular defendant.").  Contrary to the defendant's suggestion, the distinction between legal and equitable relief remains viable in this context.

the defendant's analysis, the avoidance action would always fall under the bankruptcy court's equitable powers.

Lastly, the defendant argues that the language used by the trustee in the complaint makes it sound like the trustee's claims are brought in equity and so they must be actions in equity. For example, the trustee seeks a determination that the alleged transfers are avoidable and a judgment avoiding the transfers. This language is necessitated by the text of the Bankruptcy Code itself. 11 U.S.C. § 548. But the obvious goal of the trustee's complaint is to obtain a money judgment against the defendant. This is exactly the same kind of relief sought in most fraudulent transfer and preference actions. The Supreme Court has several times ruled that such claims are claims at law, for which a jury trial may be demanded. *Langenkamp*, 498 U.S. at 44; *Granfinanciera*, 492 U.S. at 58-59; *Katchen*, 382 U.S. at 336.

The question now before the Court is not whether this Court may convene a jury trial in this adversary proceeding but whether there is a right to a jury trial at all. The parties have not consented to this Court conducting a jury trial. *See* 28 U.S.C. § 157(e). The district court has already made it clear that if there is a right to a jury trial in this case, and the matter is ready for trial, then the district court will entertain a renewed motion for withdrawal of the reference so that the jury trial may be conducted before the district court. ECF No. 119. Like all constitutional rights, the trustee's right to a jury trial may be waived. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). The Court will set a deadline for the trustee to file a renewed motion to withdraw the reference to the district court for purposes of conducting a jury trial. If the trustee fails to timely file such a motion, the trustee will be deemed to have waived any right to a jury trial in this adversary proceeding.

For the foregoing reasons, the Court ORDERS and ADJUDGES as follows:

1. *Bank Leumi's Motion to Strike Jury Demand* [ECF No. 87] is DENIED.

2.      If the plaintiff wishes to have a jury trial in this adversary proceeding, not later than seven (7) days prior to the last scheduled pretrial conference before this Court, the plaintiff shall either (a) file a renewed motion to withdraw the reference for the purpose of the district court conducting a jury trial, or (b) file a single document evidencing the joint consent of the plaintiff and the defendant to this Court conducting a jury trial consistent with 28 U.S.C. § 157(e).

###

Copies furnished to:

Scott M. Grossman, Esq.

*Scott M. Grossman, Esq. is directed to serve a conformed copy of this Order on all parties in interest and file a certificate of service with the Court.*